RECEIVED
IN LAFAYETTE, LA.

SEP 3 0 2010

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LEON MANDERSON | CIVIL ACTION NO.: 08-CV-881 |
| VERSUS | JUDGE HAIK |
| CHET MORRISON CONTRACTORS, INC. | MAGISTRATE JUDGE HANNA |

## SECOND AMENDED REASONS FOR JUDGMENT

On July 30, 2010, this Court issued its Reasons for Judgment (Doc. #194) in the above captioned matter.  As stated therein, plaintiff is entitled to maintenance and cure from January 24, 2008 until January 26, 2009.  Maintenance during that period has been determined to be $14,680.00.  This Court further found that plaintiff is entitled to cure, including all medical expenses during the this period.

"[P]laintiff should not be penalized for having the foresight to obtain insurance." *Phillips v. Western Co. Of North America*, 953 F.2d 923, 930 (5th Circ. 1992).  It is well established that "where a seaman has alone purchased medical insurance, the ship owner is not entitled to a set-off from the maintenance and cure obligation moneys the seaman receives from his insurer." *Gauthier v. Crosby Marine Service, Inc.*, 752 F.2d 1085, 1090 (5th Circ. 1985).

> [W]hen an employee has bargained for a fringe benefit like health or life insurance as additional consideration for employment, "compensation received by the employee under that fringe benefit should not be deducted from damages awarded to the employee as a result of the employer's negligence. Since the employee is "already contractually entitled to the benefit, allowing the employer to deduct such compensation would both undercompensate the employee and provide the employer with an undeserved windfall.

*Johnson v. Cenac Towing, Inc.*, 544 F.3d 296 (5th Circ. 2008), See also *Davis v. Odeco, Inc.*, 18 F.3d 1237 (5th Circ. 1994).

"If tortfeasors [and/or obligors] could set off compensation available to plaintiffs through collateral sources, then plaintiffs who pay their own insurance premiums would suffer a net loss because they would derive no benefit from any premiums paid." *Id.* at 304.

During the aforementioned period, the total amount charged for medical services was $222,235.81, though Blue Cross Blue Shield only paid $104,149.47. On August 13, 2009 this Court found those payments were derived from a collateral source (Doc.#101). Between January 24, 2008 and March 1, 2008, plaintiff was responsible for paying approximately fifty percent (50%) of his insurance premiums; for the remaining eleven (11) months of the relevant period, one hundred percent (100%) of the premiums were paid by plaintiff. Consequently, the insurance payments between January 24, 2008 and January 26, 2009 shall not offset defendant's maintenance and cure obligation; therefore, this Court finds that the amount *charged* for medical services is the appropriate amount for cure. Included within the amount charged was $52,544.75 billed for medical services pertaining to plaintiff's liver condition. This amount consists of two charges dated, November 11, 2008 for $1,399.00 and $1,574.00 and also $49,571.75 for a transjugular intrahepatic partial systemic (TIPS) shunt placement on December 22, 2008. This amount shall not be included in defendant's cure obligation. Therefore, this Court finds cure during the aforementioned period to be $169,691.06.

In its previous Reasons for Judgment (Doc. #194) and Amended Reasons for Judgment (Doc. #198), this Court ordered reimbursement of insurance premiums from January 24, 2008 until the date plaintiff was placed on Social Security Disability. Upon further consideration, the Court finds it erred in doing so, and hereby rescinds that portion of the ruling. Consequently, plaintiff is not entitled to reimbursement of any insurance premiums.

This Court finds that defendant acted in an arbitrary and capricious manner in failing to pay maintenance and cure. The amount suggested by plaintiff is reasonable under the facts and circumstances of this case; therefore, plaintiff is entitled to attorney's fees and costs incurred in the prosecution of his claim for maintenance and cure in the amount of $110,950.00.

THUS DONE AND SIGNED on this _29th_ day of September, 2010 at Lafayette, Louisiana.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA