RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __2_-_2__/_11__

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **LEON MANDERSON** | **CIVIL ACTION NO.: 08-CV-881** |
| **VERSUS** | **JUDGE HAIK** |
| **CHET MORRISON CONTRACTORS, INC.** | **MAGISTRATE JUDGE HANNA** |

### RULING

Considering the defendant's Motion to Tax Costs [Doc. 212] and the Plaintiff (sic), Leon Manderson's, Motion to Tax Costs [Doc. 213], and upon a thorough review of the record:

In the present matter, the plaintiff prevailed on his maintenance and cure claims, and the defendant prevailed with respect to the plaintiff's Jones Act, general maritime and unseaworthiness claims. Notwithstanding an adverse ruling of $295,321.06, the defendant asserts that, it is the prevailing party and is entitled to costs. Assuming, *arguendo*, that the defendant is the prevailing party, this Court does not find that the defendant is entitled to recover costs, due to its arbitrary and capricious conduct.

Regarding the plaintiff's Motion [Doc. 213], this Court notes that the plaintiff has already been awarded attorney fees and costs, on its successful maintenance and cure claims, and although the plaintiff is not precluded from moving for costs, he did not prevail on any of his other claims.

Regardless of whether the plaintiff or the defendant is the prevailing party, a prevailing party is not *entitled* to costs; rather, Federal Rule of Civil Procedure 54(d) provides that costs shall be taxed against the losing party *unless the court otherwise directs*. The decision to tax

costs against a losing party is discretionary.  Aside from the Judgment [Doc. 208], each party shall bare its respective costs.

IT IS ORDERED that both Motions [Doc. 212, 213] are hereby DENIED.

THUS DONE AND SIGNED, this 2nd day, February, 2011, Lafayette, Louisiana.

**HONORABLE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**